```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

THE DEL-NAT TIRE          )
CORPORATION,              )
                          )
     Plaintiff,           )
                          )
v.                        )     Civil No. 09-2457-Ml/P
                          )
A TO Z TIRE & BATTERY, INC., )
                          )
     Defendant.           )

## REPORT AND RECOMMENDATION

Before the court is The Del-Nat Tire Corporation's ("Del-Nat") Emergency Motion to Seal the Supplemental Affidavit of Philip Nussbaum and All Exhibits Attached Thereto, Motion for Sanctions, and Motion to Preserve Plaintiff's Claims for Damages as a Result of the Public Disclosure of Del-Nat's Confidential Information (the "Motion"). (D.E. 45.) On May 5, 2010, the court held a hearing on the motion. Counsel for all parties were present and heard. At the conclusion of the hearing, the court notified the parties that it would recommend to the District Judge that the motion be denied as follows:

On June 12, 2009, Del-Nat filed its Verified Complaint, alleging that A to Z Tire & Battery, Inc. ("A to Z") owes Del-Nat for goods purchased pursuant to various purchase orders. In response to the Verified Complaint, A to Z answered that it was

entitled to an offset or credit for the value of debentures issued by Del-Nat in favor of A to Z and that it was entitled to an offset or credit for the value of A to Z's ownership interest in real estate that A to Z jointly owns with Del-Nat.

On February 19, 2010, Del-Nat filed its Motion for Summary Judgment. (Document No. 26). A to Z responded to Del-Nat's Motion for Summary Judgment on March 22, 2010. (D.E. 28.) On April 6, 2010, a hearing was held on Del-Nat's Motion for Summary Judgment before Chief Judge Jon Phipps McCalla. (D.E. 41.) During the hearing, Chief Judge McCalla stated that the parties could file supplemental affidavits addressing the factual issues that were argued at the hearing. In that regard, the following minute entry was made on the docket: "Motion heard and taken under advisement. Order to be entered. Any supplemental affidavits to be filed within 5 days. Responses due 5 days thereafter." (D.E. 42.)

On April 7, 2010, Del-Nat supplemented its summary judgment evidence with the Affidavit of Patrick J. Nieman. (D.E. 43). On April 12, 2010, A to Z filed the Supplemental Affidavit of Philip Nussbaum, attaching nineteen (19) exhibits thereto (collectively referred to as the "Affidavit"). (D.E. 44.) On April 13, 2010, Del-Nat filed the present Motion, requesting that the court seal the Affidavit, arguing that the exhibits were comprised of confidential business records of Del-Nat that Nussbaum acquired

-2-

during the time he served on Del-Nat's Board of Directors. Additionally, Del-Nat requested that the court enter sanctions against A to Z, arguing that it and Philip Nussbaum acted in bad faith by disclosing Del-Nat's confidential information by attaching the documents to the Affidavit. Lastly, Del-Nat requested that the court make a finding preserving Del-Nat's claim for damages related to "intentional and harmful disclosure . . . as a result Defendant's bad faith actions and Mr. Nussbaum's breach of his fiduciary duty to the shareholders of Del-Nat's shareholders and Del-Nat itself." (D.E. 45-1.)

At the conclusion of the May 5 hearing on the motion, the court made the following findings:

1.   The Affidavit is related to issues addressed in Del-Nat's Motion for Summary Judgment, A to Z's Response to the Motion for Summary Judgment, and the April 6, 2010 hearing on the Motion for Summary Judgment. While the court makes no findings as to whether the Affidavit is *relevant* to any of the summary judgment issues pending before the Chief Judge, the court concludes that the Affidavit is *related* to the issues raised before the Chief Judge at the April 6 hearing and, thus, A to Z had at least some basis to file the Affidavit. Because A to Z had a basis to file the Affidavit, and because there has been no other evidence presented to show that either A to Z or Nussbaum acted in bad faith in filing the Affidavit,

the court finds that A to Z did not act in bad faith or with the intent to harm the Plaintiff by filing the Affidavit on April 12, 2010.

    2.   At the time the Affidavit was filed, the court had not entered a protective order nor had the parties entered into a confidentiality agreement during the course of the litigation, despite the fact that financial information of a company could reasonably be considered as confidential information.

    3.   Furthermore, immediately after the Motion was filed by Del-Nat's counsel, A to Z readily agreed to seal the Affidavit, and the court immediately sealed the Affidavit.

    4.   At the time of the Motion hearing, there was no evidence that Del-Nat suffered any harmed by the filing of the Affidavit.

    5.   Del-Nat has not demonstrated that there is any basis under the Federal Rules of Civil Procedure to impose sanctions against A to Z.

    6.   Nothing herein shall preclude Del-Nat from seeking indemnification from A to Z for any harm caused by the filing of the Supplemental Affidavit of Philip Nussbaum and the exhibits attached thereto.

    Respectfully submitted,

                                   s/ Tu M. Pham
                                   TU M. PHAM
                                   United States Magistrate Judge

                                   May 17, 2010
                                   Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**